## JENCKS *et al.* v. MURPHY *et al.*

Though a mortgagor of personal property has defaulted, and delivered possession to the mortgagee on the latter's demand, he still holds the legal title, the title of the mortgagee being merely a right of possession for the purpose of foreclosure; and where a third party levies an attachment against the mortgagor's interest, and the mortgagor obtains a judgment dismissing his action, he is entitled to sue on the attachment bond, and recover whatever damages he has sustained, to the extent of his interest; and an answer setting up as a defense that the mortgagee has recovered judgment against the attachment plaintiff for the conversion of the identical property, and that the judgment has been paid, is therefore demurrable, as not affecting the mortgagor's right of action.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Beadle county. HON. A. W. CAMPBELL, Judge.

Action on an attachment bond by LeRoy Jencks and Charles A. Johnson against John Murphy, Thomas J. Murphy, and others.

From a judgment in favor of defendants, plaintiffs appeal. Reversed.

*Bartlett Tripp* and *R. B. Tripp,* for appellants.

*T. H. Null* and *E. H. Aplin,* for respondents.

CORSON, J. This is an action upon an attachment bond. Judgment was rendered for the defendants, and the plaintiffs appeal.

The plaintiffs alleged that they were the owners of certain personal property; that the attachment proceedings had been dismissed; that they had sustained damages by reason of the attachment of the property—by the loss of the use of the same, $2,500; for money expended in the employment of counsel, $100; for the loss of time and money in their efforts to obtain the possession of the same, $100; damages by the judgment against them for costs, $100. The defendants set out, among other defenses, the proceedings and judgment in a certain action, wherein the present plaintiffs were defendants and one Warrick was plaintiff, in bar to this action. To this defense the plaintiffs demurred on the grounds that it did not state facts sufficient to constitute a defense to the action. The demurrer was overruled, with $20 costs in favor of the defendants. The appeal is taken from the judgment, with notice therein that plaintiffs would ask a review of the order overruling the demurrer and assessing them with costs.

A question of practice was raised by the respondents, by reason of the fact that the plaintiffs offered no evidence—their attorney announcing that he stood upon the demurrer to the defense demurred to—and permitted judgment to be entered for the defendants. But in view of the fact that the ruling of the court upon the demurrer was fully discussed by counsel in their respective briefs, we shall proceed to consider the order of the court made upon the demurrer, without discussing the question of practice raised.

The defense of the defendants set out in the supplemental answer demurred to may be summarized as follows: The defendants alleged that on June 30, 1898, an action was commenced in the circuit court of Beadle county, wherein one Warrick was plaintiff, and LeRoy Jencks, Charles A. Johnson, Adelbert Johnson, John Murphy, and Thomas J. Murphy were defendants; that in the complaint in said action it was alleged that on the first day of August, 1896, the defendants LeRoy Jencks and Charles and Adelbert Johnson, under the firm name of Jenks, Johnson & Co., were the owners and in the possession of a certain artesian well drilling outfit, engine, and tools, of the value of $2,400, then being used in sinking a well on the farm of said Thomas J. Murphy, in Beadle county; that on said date said Jencks, Johnson & Co., to secure the payment on October 1, 1896, of $1,800, duly executed to one Stevenson their certain chattel mortgage upon said personal property; that on or about August 1, 1896, said Stevenson transferred said indebtedness and mortgage to the plaintiff, Warrick; that said Jencks, Johnson & Co. failed to pay said $1,800, or any part thereof, on October 1, 1896, or at any other time; that the same remained wholly due and unpaid; that on or about the 8th day of October, 1896, the defendants, John and Thomas J. Murphy, at said Murphy farm, in said county, wrongfully took possession of said personal property, and converted the same to their own use; that the plaintiff demanded possession thereof of said Murphys; that they refused to deliver the same, and were still unlawfully withholding the possession of the same, in the sum of $300, wherefore plaintiff demanded judgment against said defendants for the sum of $2,400, the value of said property, with $300 damages, and costs of the suit; that to said complaint the defendants Jenks, Johnson & Co. answered and admitted all the allegations of the complaint; that said

John and Thomas J. Murphy, defendants in that action, appeared and answered, denying the allegations of the complaint, and setting up an affirmative defense and counterclaim, and upon the issues so framed the cause was tried.    It is further alleged that upon said trial evidence was offered, which was fully set out in the defense demurred to, but which it is not necessary to give in detail in this opinion.    It was further alleged that as a result of that trial a verdict was rendered for the plaintiff and against the defendants John and Thomas J. Murphy, for the sum of $1,000, which verdict comprised and found the value of the property on October 8, 1896, with interest thereon from that date, also a fair compensation for the time and money expended in the pursuit of the property, and the right of the plaintiff to the possession of said property in litigation on October 8, 1896, and which property is the identical property set up in this action; that upon said verdict judgment was entered on or about September 24, 1898, against the defendants John and Thomas J. Murphy, which said judgment was duly paid by said defendants on or about December 1, 1898, and the same was satisfied and discharged of record; that the right of possession of the property, tools, and machinery referred to in the complaint in this action was fully tried and determined in said former action, and adjudged to be in said Warrick, and not in Jencks, Johnson & Co., nor in either of them.    It appears from the evidence set out in the defense demurred to that Jencks, Johnson & Co., being unable to pay the amount of $1,800, for which they had mortgaged the property to Stevenson, Warrick's assignor, on demand of Warrick, delivered the property to him; that Warrick left the property temporarily with the Murphys, defendants herein, and that when he called for it on the following day the said Murphys refused to surrender it on the ground that it had been pledged

to them for board and expenditures made by them on behalf of Jencks, Johnson & Co.; and that upon the refusal of the Murphys to surrender the possession an action was brought, resulting in a verdict in favor of Warrick for the sum of $1,000, which was paid by the Murphys.

The first question which naturally presents itself is, what title did Warrick have, and what title did the Murphys acquire under him by payment of the judgment set out in the answer? In this jurisdiction the title to personal property is not vested in the mortgagee by the mortgage, but remains in the mortgagor until after a foreclosure and sale of the mortgaged property. The title of Warrick, therefore, was simply the right to the possession for the purpose of foreclosure and sale of the property. The Murphys, by paying the judgment recovered against them, only succeeded to the rights of Warrick, and thereby acquired his right of possession, and were subrogated to his right to foreclose the mortgage as against Jencks, Johnson & Co.; but the legal title to the property still remained in Jencks, Johnson & Co. This being so, at the time the attachment proceedings were commenced Jencks, Johnson & Co., defendants in the attachment suit, and plaintiffs here, still being the holders of the legal title to the property, had an attachable interest therein, which might be available upon the payment of the Warrick mortgage. Whether or not the Murphy attachment was properly levied upon the property does not affirmatively appear, and need not now be considered. It is quite clear, however, that when the attachment proceedings were dismissed, and judgment rendered in favor of Jencks, Johnson & Co. in that action, a right of action on the undertaking given by the Murphys immediately accrued to Jencks, Johnson & Co., to recover such damages as they might have sustained by reason of the attach-

ment proceedings. We fail to discover in what manner the suit of Warrick against the Murphys and the present plaintiffs, Jencks, Johnson & Co., could bar that right. Warrick had a right of action against the Murphys for the value of the property so converted by them, to the extent of the interest of his mortgage; but he had no right to damages for the use of the same, as he could acquire no right to the use of the same until there was a foreclosure and sale of the property. It would seem to logically follow that Jencks, Johnson & Co., still being the legal owners of the property, had a right to recover for its use after a reasonable time for foreclosing the same, which, by the provisions of chapter 26 of the Laws of 1889, was fixed at twenty days. Whether or not any lien was acquired upon this right of Jencks, Johnson & Co. to the value of the use of the property under the proceedings in the attachment suit of the Murphys against Jencks, Johnson & Co. cannot be ascertained from this record, but we are clearly of the opinion that the proceedings in the action of Warrick against Jencks, Johnson & Co. and the Murphys do not constitute a bar to the present action. What damages the plaintiffs sustained by reason of the attachment suit of the Murphys against them can only be determined on the trial, under the evidence that may be introduced tending to show what damages the plaintiffs sustained by reason of the attachment suit, and what proceedings were had under the warrant of attachment. As before stated, whether or not the plaintiffs would be entitled to any damages for the use of the property would depend upon whether or not the Murphys had acquired a lien upon the legal interest of the plaintiffs in the property under their attachment proceedings.

These views necessarily lead to the conclusion that the learned circuit court was in error in holding that the defense demurred to

constituted a bar to the action. The facts alleged in that paragraph of the answer, so far as they tend to mitigate the damages recoverable in this action, might be shown under a proper answer pleaded by way of mitigation of damages. The demurrer to this defense should have been sustained. The judgment of the circuit court and the order overruling the demurrer are reversed, and that court is directed to enter an order sustaining the demurrer to the defense demurred to.

---

### GRIGSBY V. PLANKINTON BANK, *et al.*

(Opinion filed March 1, 1902.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by William E. Grigsby against the Plankinton Bank and another. From a judgment for the defendants, plaintiff appeals. Reversed.

*Davis, Lyon & Gates* and *Grigsby & Grigsby,* for appellant.
*A. B. Kittredge* and *E. R. Winans,* for respondents.